[Cite as *Folck v. Bonar*, 2013-Ohio-3273.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

| | | |
|---|---|---|
| NEAL C. FOLCK | : | |
| | : | Appellate Case No.   2012-CA-89 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 12-CVI-1848 |
| v. | : | |
| | : | |
| RONALD BONAR | : | (Civil Appeal from |
| | : |  Clark County Municipal Court) |
| Defendant-Appellee | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 26th day of July, 2013.

· · · · · · · · · ·

NEAL C. FOLCK, 4581 Jeremy Avenue, Springfield, Ohio 45502
        Plaintiff-Appellant, *pro se*

RONALD BONAR, 4141 Loyala Chase Lane, Dayton, Ohio 45424
        Defendant-Appellee, *pro se*

· · · · · · · · · · · ·

HALL, J.,

{¶ 1}    Neal C. Folck appeals pro se from the trial court's judgment in his favor and

against appellee Ronald Bonar in the amount of $39.75 plus costs.

{¶ 2}    The record reflects that Folck filed a small-claims complaint against Bonar in

May 2012 seeking $3,000 in damages. The complaint alleges that Bonar owes the money as a result of failing to repay loans and failing to compensate Folck for various services. The case proceeded to trial before a magistrate in October 2012. At trial, Folck presented evidence that he had loaned Bonar money to retrieve a repossessed car, to pay court fines, to pay auto insurance, and to renew a license. Folck also testified that Bonar owed him $245 for borrowing Folck's car. Finally, Folck testified that Bonar owed him $2,000 for "services" he provided to help Bonar get his vehicle registration restored. (Trial Tr. at 8-13 and Exh. A). Folck admitted, however, that no promissory note or written agreement existed with regard to the $2,000. (*Id.* at 13).

{¶ 3} For his part, Bonar admitted borrowing a total of $739.75 from Folck. He testified, however, that he had repaid Folck $700. (*Id*. at 20). Bonar stated that the parties did not have an agreement requiring him to pay to use Folck's car. (*Id*.). With regard to Folck's claimed entitlement to $2,000 for his services, Bonar testified that he and Folck were friends and that he had no idea Folck expected compensation for his help. (*Id*. at 21).

{¶ 4} After hearing the evidence, the magistrate ruled from the bench as follows:

Alright. I considered the evidence that's been presented today. Uh the plaintiff does have the burden of proof in this case. I find that plaintiff uh did in fact loan defendant the sum of seven hundred and thirty-nine dollars and seventy-five cents of which seven hundred was paid back. I'm going to award judgment in favor of plaintiff in the amount of thirty-nine dollars and seventy-five cents. Plaintiff has failed to meet its burden of proof as to the remaining items. Judgment will be thirty-nine seventy-five plus the court costs.

(*Id*. at 23).

{¶ 5} Following the hearing, the magistrate filed a written decision memorializing its

ruling. (Doc. #12). Folck timely objected. (Doc. #13A-F). The trial court then filed a decision and entry in which it addressed and rejected each objection. (Doc. #14A-B). At the end of its ruling, the trial court found "that the Magistrate has properly determined the factual issues and appropriately applied the law." (*Id*.). The trial court adopted the magistrate's decision and entered judgment in Folck's favor for $39.75 plus costs.

{¶ 6}    On appeal, Folck has failed to present any assignments of error. He simply references his trial testimony and argues that the magistrate and trial court overlooked various facts, most of which are immaterial. For example, Folck cites Bonar's alleged non-payment of financial obligations unrelated to this case. The trial court correctly found these issues "irrelevant to the present case." Folck also accuses Bonar of driving without insurance, which is another irrelevant issue. Folck next complains about the trial court not enforcing a "verbal agreement" involving Bonar renting his car and about Bonar failing to submit documentary proof that he repaid $700. The trial court found, however, that Folck failed to meet his burden of proof about the existence of a verbal agreement. The trial court also found that Bonar did repay $700.

{¶ 7}    Folck next disputes Bonar's claim that Folck resided with him for six months, but this issue is irrelevant. Folck also complains about not being compensated for his services. But the trial court found that he failed to meet his burden of proof on this issue. Although Folck presented the trial court with a purported "IOU" from Bonar, it pertained to money Bonar admitted borrowing and testified that he had repaid. It did not pertain to the $2,000 Folck claimed Bonar owed for his "services."   As he did in the proceedings below, Folck also criticizes Bonar for the young age of Bonar's girlfriend. He additionally quotes "Judge Judy." The trial court properly found the girlfriend's age and Judge Judy's on-air advice irrelevant. Finally, Folck mentions a garnishment proceeding, a stroke Bonar suffered, Bonar's failure to file objections

below, and Bonar's claim that Folck came to his house demanding money. None of these issues have particular relevance to the money damages claimed in Folck's complaint.

{¶ 8} Having reviewed the record, we find ample evidence to support the trial court's judgment for Folck in the amount of $39.75 plus costs. Although the parties at times presented conflicting testimony, "it is the function of the trier of fact to determine which testimony to believe." *In re Dakota*, 2d Dist. Greene Nos. 02CA39, 02CA40, 2003-Ohio-5739, ¶15. It is well settled that the trier of fact is in the best position to weigh the credibility of witnesses and the proffered testimony. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 9} Here we see no error in the magistrate's or the trial court's resolution of the issues in this case and no basis for reversal. Accordingly, the judgment of the Clark County Municipal Court is affirmed.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Neal C. Folck
Ronald Bonar
Hon. Thomas E. Trempe